IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Doe c/o Andreozzi & Foote,              :
                         Appellant           :
                                             :
          v.                                 :
                                             :
Tyree Dumas, Dollar Boyz, Inc.               :
a/k/a DollarBoyz, Y-Not                      :
(Youth Now on Top), School District          :
of Philadelphia, and Multicultural           :     No. 1183 C.D. 2023
Academy Charter School                       :     Submitted: June 3, 2025

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE MATTHEW S. WOLF, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION
BY JUDGE FIZZANO CANNON                          FILED: July 15, 2025


          John Doe c/o Andreozzi & Foote (Doe) seeks review of orders of the
Court of Common Pleas of Philadelphia County (Trial Court) that sustained the
preliminary objections of Philadelphia School District (School District) and
Multicultural Academy Charter School (Charter School) (jointly, Schools) and
dismissed Doe's claims against them on the basis of immunity from suit.  In its
written opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate
Procedure, Pa.R.A.P. 1925(a) (1925(a) Opinion), the Trial Court asserted that this
Court should quash Doe's appeal because the orders at issue are interlocutory and
not appealable as of right as collateral orders, as they do not meet the requirements
for appealable collateral orders.  Because we agree and consequently conclude that
we lack jurisdiction over the appeal, we quash Doe's appeal.

## I. Background

Doe alleges that in 2013 and 2014, when he was a minor, he was sexually assaulted repeatedly by an adult perpetrator he met while participating in activity programs for minors offered by Tyree Dumas, Dollar Boyz, Inc. a/k/a DollarBoyz, and Y-Not (Youth Now on Top) (jointly, Y-Not). The perpetrator of the assault was allegedly employed as a security officer by Schools during imprecisely pleaded time periods. Doe does not allege that the assaults occurred on property of either School District or Charter School or in the course of the perpetrator's employment by either School District or Charter School. Instead, he alleges that the perpetrator engaged in unspecified improper conduct toward other minors while employed by Schools that should have caused them to report the perpetrator's alleged conduct to authorities. Doe hypothesizes that such reports would have resulted in prosecution of the perpetrator or otherwise prevented the perpetrator from subsequently assaulting Doe.

Schools filed preliminary objections asserting, *inter alia*, that Doe's claims against them were barred by immunity. The trial court sustained the preliminary objections based on immunity and dismissed Doe's claims against Schools with prejudice. Doe's claims against Y-Not, however, remain pending in the Trial Court.

Doe appealed to this Court, arguing that the Trial Court erred on various grounds in concluding that Schools were entitled to immunity from Doe's claims. In his docketing statement and subsequent appellate brief, Doe does not suggest that the orders in question are appealable as final orders. Instead, he avers, regarding this Court's jurisdiction, that his appeal is permitted as of right under Rule 313 of the

Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 313, allowing immediate interlocutory appeals of collateral orders.

In its 1925(a) Opinion, the Trial Court did not address the merits of the issues raised by Doe on appeal. Instead, the Trial Court focused exclusively on why the appeal was not a permitted collateral appeal and should be quashed. *See generally* 1925(a) Opinion.

## II. Discussion

Notwithstanding the Trial Court's exclusive focus on the question of this Court's subject matter jurisdiction over Doe's appeal, Doe provides virtually no development of that issue in his brief. He addresses the question of jurisdiction only in a few sentences in his Statement of Jurisdiction, merely stating in conclusory fashion that the Trial Court's rulings regarding immunity are immediately appealable as collateral orders relating to immunity. Charter School likewise provides no analysis of this Court's jurisdiction in its brief.

School District, in its brief, echoes the Trial Court in asserting that this Court lacks jurisdiction over Doe's appeal. School District maintains that the Trial Court's orders do not satisfy the criteria for appealable collateral orders under Rule 313. School District distinguishes the authority cited by Doe, which related to appeals from *denials* of pretrial requests for relief seeking dismissal on immunity grounds. School District posits that the policy considerations and other factors weighed in assessing whether an interlocutory order is appealable as a collateral order apply much differently depending on whether the order under review has *granted* or *denied* pretrial requests for relief asserting immunity. We agree.

3

As a general rule, only final orders that dispose of all claims and all parties are appealable. Pa.R.A.P. 341(a) & (b). As our Supreme Court has explained, "[c]onsidering issues only after a final order maintains distinctions between trial and appellate review, respects the traditional role of the trial judge, and promotes formality, completeness, and efficiency." *Shearer v. Hafer*, 177 A.3d 850, 855 (Pa. 2018).

Rule 313, however, provides a narrow exception to the final order rule, as follows:

> (a) General Rule. An appeal may be taken as of right from a collateral order of a trial court or other government unit.
>
> (b) Definition. A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313. Our Supreme Court has explained that Rule 313 codifies a three-part test for applicability of the collateral order doctrine, under which

> an order is considered final and appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. . . . [W]here an order satisfies Rule 313's three-pronged test, an appellate court may exercise jurisdiction even though the order is not final. If the test is not met, however, and in the absence of another exception to the final order rule, there is no jurisdiction to consider an appeal of such an order.

*Brooks v. Ewing Cole, Inc.*, 259 A.3d 359, 370 (Pa. 2021) (brackets in *Brooks*; internal quotation marks and additional citations omitted). As an exception to the

4

final order rule, the collateral order doctrine must be narrowly construed. *Shearer*, 177 A.3d at 858.

"Regarding the first prong, an order is separable from the main cause of action if it can be resolved without an analysis of the merits of the underlying dispute and if it is entirely distinct from the underlying issue in the case." *Brooks*, 259 A.3d at 371 (internal quotation marks and additional citation omitted). In *Brooks*, our Supreme Court held that a pretrial determination regarding immunity is separable from the underlying cause of action because it is a "purely legal question . . . and does not necessitate an examination of the merits of [the underlying] claim." *Id.*

Here, as in *Brooks*, no party disputes that the Trial Court's orders concerning immunity are separable from Doe's underlying claims against the various defendants, including Schools. Accordingly, the first prong of the collateral order doctrine has been met.

The second prong of the collateral order analysis requires "examin[ing] the importance of the right involved by weighing the interests that immediate appellate review would protect against the final judgment rule's interests in efficiency through avoiding piecemeal litigation." *Brooks*, 259 A.3d at 372. The collateral ruling must affect "rights deeply rooted in public policy going beyond the particular litigation at hand because it is not sufficient that the issue is important to the particular parties involved." *Id.* (internal quotation marks and additional citation omitted). Where a court has *denied* a pretrial request for relief asserting immunity, our Supreme Court concluded that "the right to a sovereign immunity defense is too important to evade review before final judgment [because] the protection of sovereign immunity is deeply rooted in public policy, as it is both secured by the

5

Constitution and has been preserved by the legislature." *Id.* Accordingly, "[t]hese deeply rooted and far-reaching implications outweigh the final judgment rule's efficiency interests." *Id.*

Here, because the Trial Court *granted*, rather than denied, immunity, the public policy interest in protecting sovereign immunity is furthered by the Trial Court's pretrial orders recognizing Schools' immunity from suit. Conversely, the public policy interest in applying immunity to avoid not only liability, but also the burden of defending a lawsuit, *see Brooks*, would be thwarted by allowing an interlocutory appeal of the immunity issue. Indeed, applying the final order rule here to preclude an interlocutory appeal actually reinforces, rather than conflicts with, the public policy of preserving immunity. Accordingly, as applied here, the public policy interest in preserving immunity and the public policy interest in minimizing interlocutory appeals under the final judgment rule are not competing interests that must be weighed against each other. Therefore, we conclude that here, unlike in *Brooks*, the second prong of the collateral order doctrine has not been met.

The third and final prong of the collateral order doctrine requires consideration of whether the appellant's right to review of the relevant issue "will be irreparably lost if appellate review is postponed until final judgment." *Brooks*, 259 A.3d at 372. In *Brooks*, our Supreme Court explained that sovereign immunity protects not only against liability, but against having to defend a lawsuit. *Id.* That right not to be required to defend would, obviously, be irreparably lost if appellate review of an order denying immunity had to be postponed to the end of the case. *See id.* at 373. Conversely, however, where a trial court has granted pretrial relief dismissing a party based on immunity, review of that issue is not irreparably lost if it must await final judgment.

6

We recognize that an immediate appeal, if successful, would allow Doe to avoid the possible eventuality of a new trial. An immediate appeal, therefore, is important to Doe. Our Supreme Court, however, has observed:

> A determination of whether appellate review of a claim will be irreparably lost does not turn on the importance of the right allegedly implicated. . . . [T]he collateral order doctrine has three, separate prongs—separability, importance, and irreparability—and each of those prongs must be clearly present before a court can determine that an order is collateral and immediately appealable as of right under Rule 313.

*J.C.D. v. A.L.R.*, 303 A.3d 425, 433 (Pa. 2023). Therefore, the importance of a claim does not bear on whether it will be irreparably lost. *Id.* "To satisfy the irreparability prong, the matter must effectively be unreviewable on appeal from final judgment." *Id.* at 431 (internal quotation marks and additional citation omitted).

Here, if Doe is not able to appeal immediately from the Trial Court's dismissal of School District and Charter School from the action, he can proceed to trial against Y-Not, and then, after the entry of final judgment, Doe may appeal the dismissal of School District and Charter School, along with any other issues as to which he believes the Trial Court may have erred. No right of review is lost; it is merely postponed. Therefore, the third prong of the collateral order doctrine has not been satisfied.

Doe relies on *Brooks* for his assertion that the Trial Court's orders dismissing Schools from the action based on immunity are immediately appealable as collateral orders. In *Brooks*, as discussed above, our Supreme Court held that "the trial court's order *denying* summary judgment on sovereign immunity grounds is a collateral order, appealable as of right under Rule 313 . . . ." *Id.*, 259 A.3d at 360 (emphasis added). Doe also cites an Order of this Court in *L.F.V. v. South*

7

*Philadelphia High School* (Pa. Cmwlth., No. 218 C.D. 2023, Order filed April 12, 2023)[1] (*L.F.V. Order*), in which this Court relied on *Brooks*. Notably, however, this Court in *L.F.V.* was also addressing an appeal from a trial court order *denying* pretrial relief based on immunity. Indeed, this Court, consistent with our analysis of *Brooks* above, specifically described *Brooks* as holding that "*adverse* decisions on sovereign immunity are immediately appealable under [Rule] 313." *L.F.V. Order* at 3.

In short, neither *Brooks* nor *L.F.V.* supports Doe's assertion that an interlocutory order may be immediately appealed as a collateral order where it dismisses some parties based on immunity while the action remains pending against other defendants. This Court is also unaware of any such authority. Because Doe has failed to satisfy two of the three requirements of the collateral order doctrine, we agree with the Trial Court that this Court lacks jurisdiction over Doe's appeal.

### III. Conclusion

Based on the foregoing discussion, the appeal is quashed.

_____
CHRISTINE FIZZANO CANNON, Judge

Judge Dumas did not participate in the decision in this case.

---

[1] The cited order was an interim *per curiam* order. The outcome of that case did not depend on the application of the collateral order doctrine.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Doe c/o Andreozzi & Foote,      :
                              Appellant      :
                                         :
             v.                        :
                                         :
Tyree Dumas, Dollar Boyz, Inc.      :
a/k/a DollarBoyz, Y-Not           :
(Youth Now on Top), School District  :
of Philadelphia, and Multicultural   :    No. 1183 C.D. 2023
Academy Charter School        :

# **O R D E R**

AND NOW, this 15th day of July, 2025, the appeal of John Doe c/o Andreozzi & Foote is QUASHED as the orders appealed from are interlocutory and not appealable as of right.

_____
CHRISTINE FIZZANO CANNON, Judge